**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| IVANIA MUNIZ<br><br>                    Plaintiff,<br>v.<br><br>LA CHIQUITA CARRYOUT &<br>RESTAURANT, INC. ET AL.<br><br>                    Defendants. | Case No.: 15-cv-1790 TDC |

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES'**
**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE**

The Parties, through counsel, submit this Memorandum of Law in Support of the Parties' Joint Motion for Approval of Settlement Agreement and Release, and state for cause as follow:

BACKGROUND

Plaintiff worked for German's Corporation from April 2014 to April 2015 when she voluntarily resigned.[1] On June 18, 2015, Plaintiff filed a lawsuit against La Chiquita Carryout & Restaurant, Inc., related corporate entities, and German Alexander Enrique Escobar, individually, alleging a violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), the Maryland Wage Payment Collection Law ("MWPCL"), and a breach of contract based on allegations that Plaintiff was not properly compensated between October 2014 and April 2015.

Defendants answered the complaint disputing liability, disputing any FLSA violation was willful, and disputing any liability under Plaintiff's state law claims. Defendants also asserted several affirmative defenses.

---

[1] Although not a party to the lawsuit, the settlement agreement includes a release for Plaintiff's claims against German's Corporation.

3

The Parties have concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with the anticipated litigation. Plaintiff desires to settle, discharge, and forever terminate all claims and potential claims against Defendants and German's Corporation in exchange for accepting $13,000, which fully settles Plaintiff's claimed damages, reasonable attorney's fees, and costs. This settlement will result in $10,000.00 to Plaintiff and $3,000.00 to Plaintiff's counsel. This sum is in addition to the April 29, 2015 check of $622 paid to Plaintiff.

## ARGUMENT

Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. See *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014) (noting that the Court looks at the settlement as a "reasonable compromise of disputed issues"). "Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, 'district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Id.* at 407-08 (citation omitted).

"The settlement must 'reflect [ ] a fair and reasonable resolution of a bona fide dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Id* at 408. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id*. (citation omitted).

There is a bona fide dispute here. "In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the

representations and recitals in the proposed settlement agreement." *Id*.

Plaintiff's alleged that, "[i]n October of 2014, Defendants agreed to pay Plaintiff $8.40 per hour for Plaintiff's work" as a waitress. (Compl., at ¶¶ 15, 18). From October 2014 until April 2015, Plaintiff was paid two rates ($4.00 and $8.40) as a waitress for the hours that she worked. (Compl., at ¶ 19). Plaintiff alleges that her overtime pay should have been based on a regular rate of $8.40 per hour. Plaintiff's claim, however, is not that overtime was not paid, but that she was not compensated at the proper rate. *See* (Compl., at ¶¶ 15, 21) (alleging she was paid $4.00 for overtime hours worked as a waitress). Plaintiff alleged that this compensation method violated the FLSA, the MWHL, the MWPCL, and constituted a breach of contract. (Compl., at 5-8).

There is a bona fide dispute as to liability. Prior to October 2014, Plaintiff was paid $4.00 per hour as a tipped employee for all non-overtime hours she worked. In October 2014, her rate was increased where she was paid $8.40 during the week, and her pay remained $4.00 on the weekends plus she received tips. (Answer, at ¶ 19). Defendants dispute that she was ever promised $8.40 for all hours worked. (Answer, at ¶ 18). Defendants also dispute that the dual rate compensation method violated the statutory causes of action.[2] Before any lawsuit was filed, Plaintiff was given $622.00 to compensate Plaintiff for claimed deficiencies in her overtime pay. (Answer, at ¶ 22). Additionally, Defendants dispute any FLSA violation, and Defendants dispute liability beyond the FLSA under Plaintiff's state law claims under the Maryland Wage Payment Collection Law, the Maryland Wage and Hour Law, and breach of contract. (Answer, at ¶¶ 31-54).

---

[2] *See, e.g., Allen v. Bd. Of Pub. Educ. For Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) ("the FLSA does not contain a requirement that employees perform different types of work in order for employers lawfully to pay them different rates . . . ."); *Parth v. Pomona Valley Hosp. Med. Ctr.,* 630 F.3d 794, 804 (9th Cir. 2010) ("Parth also argues that PVHMC's pay plan is unlawful, because nurses working both the 8–hour and 12–hour shifts perform the same work, but are paid at different rates. We find no authority that suggests employees cannot be paid different rates for different shifts, and Parth fails to present any authority to the contrary.").

Not only is there a bona fide dispute, the parties' settlement of $13,000, which includes claimed damages, costs, and attorney's fees, is fair and reasonable. In determining whether a settlement is fair and reasonable for purposes of approving claims under the FLSA, courts evaluate many factors, including "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo,* 2009 WL 3094955, at *10).

This case settled before either side propounded written discovery. No depositions were taken. Defendants did informally produce Plaintiff's wage and hour records for the pertinent time period to facilitate an early resolution. By avoiding formal discovery and depositions, resources that otherwise would have been consumed by the litigation were made available for settlement, thereby reducing the risk and uncertainties of the outcome of litigation for both parties.

Additionally, Plaintiff is represented by counsel and settled this case aware of the risks and benefits of settlement. This settlement enables all parties to avoid the unnecessary accumulation of litigation costs and attorney's fees. The settlement is the product of good-faith bargaining between the parties, with advice of legal counsel.

Finally, the amount allocated for attorneys' fees and expenses is fair and reasonable. Plaintiff's counsel has been practicing in the area of labor and employment law since 2007 and he has experience in FLSA matters. Plaintiff's counsel's hourly fee is $285, which is consistent with the "Guidelines Regarding Hourly Rates" in Appendix B to the Local Rules. Accordingly, the agreed upon amount of $3,000.00 for fees represents a fair and reasonable fee based on early

resolution of this case without costs associated with formal discovery.

## CONCLUSION

For all the above reasons, the parties request that the Court approve the settlement of Plaintiff's FLSA action as fair and reasonable and dismiss this case, all parties bearing their own costs, with prejudice.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| /s/ with permission<br>Ken C. Gauvey, Esq.<br>The Law Practice of Ken C. Gauvey, LLC<br>6700 Alexander Bell Drive<br>Suite 200<br>Columbia, MD 21046<br>*Counsel for Plaintiff* | /s/<br>Timothy F. Maloney<br>Matthew M. Bryant<br>JOSEPH, GREENWALD & LAAKE, P.A.<br>6404 Ivy Lane, Suite 400<br>Greenbelt, Maryland 20770<br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of January, 2016, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

/s/
Matthew M. Bryant